IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**VS.**                    **CIVIL ACTION No. 5:17-cv-00050 JM**

**PEARLIE MAE JORDAN, and**
**DOCK C. NELSON**                                                       **DEFENDANTS**

## **DEFAULT JUDGMENT**

Before the Court is the government's motion for default judgment pursuant to Rule 55(b), Federal Rules of Civil Procedure. The government seeks a default judgment foreclosing all right, title and interest of the defendants Pearlie Mae Jordan and Doc C. Nelson, in and to the real property in Chicot County, Arkansas described in the government's amended complaint. The government's amended complaint seeks foreclosure of mortgages on land in Chicot County, Arkansas executed by Pearlie Mae Jordan and her husband, Silford Jordan, Jr., now deceased, that secure loans made to them by the U.S. Department of Agriculture ("USDA"), Farm Service Agency ("FSA"). Doc #2.

Dock C. Nelson was made a defendant because he had an oral rental agreement and planted a crop on the subject property in 2017. He has informed the government's counsel that he does not have a rental agreement for 2018 and did not plant a crop on the subject property in 2018. Doc. #9.

After having been properly served, the defendants have not filed an answer, or other response, to the complaint, and are in default. Pursuant to Rule 55(a), the Clerk of Court has entered a Clerk's Default as to each defendant. Doc. # 10, 11. As shown by the Declaration

submitted with plaintiff's motion for default judgment, each defendant is an adult, and neither is in the military service of the United States, nor a mentally incompetent person.

It is, therefore, ordered and adjudged:

1. The Court has jurisdiction over the parties and the real property that is the subject of this cause of action.

2. Defendant Pearlie Mae Jordan is in default on the payments due on her loans from USDA FSA. There is now due and owing to the plaintiff United States of America, USDA FSA, on her promissory notes the total sum of $447,648.51, as of September 13, 2018, with interest accruing thereafter at the rate of $24.7315 per day.

3. The above-described indebtedness owed to USDA FSA is secured by mortgages from Pearlie Mae Jordan to USDA FSA, which were recorded in the records of the Circuit Clerk and Recorder of Chicot County, Arkansas as follows:

| Date of Mortgage | Date of Filing | Filing Information |
| --- | --- | --- |
| April 11, 1979 | April 11, 1979 | Filed in the real estate records in the Office of the Circuit Clerk and Ex-Officio Recorder of Chicot County, Arkansas in Book V-14, at Page 397. |
| January 17, 1980 | January 17, 1980 | Filed in the real estate records in the Office of the Circuit Clerk and Ex-Officio Recorder of Chicot County, Arkansas in Book A-15, at Page 437. |
| April 14, 1981 | April 14, 1981 | Filed in the real estate records in the Office of the Circuit Clerk and Ex-Officio Recorder of Chicot County, Arkansas in Book H-15, at Page 535. |
| March 9, 1982 | March 9, 1982 | Filed in the real estate records in the Office of the Circuit Clerk and Ex-Officio Recorder of Chicot County, Arkansas in Book P-15, at Page 143. |
| April 26, 1982 | April 26, 1982 | Filed in the real estate records in the Office of the Circuit Clerk and Ex-Officio Recorder of Chicot County, Arkansas in Book P-15, at Page 487. |
| March 8, 1983 | March 8, 1983 | Filed in the real estate records in the Office of the Circuit Clerk and Ex-Officio Recorder of Chicot County, Arkansas in Book R-15, at Page 923. |
| April 23, 1984 | April 23, 1984 | Filed in the real estate records in the Office of the Circuit Clerk and Ex-Officio Recorder of Chicot County, Arkansas in Book Y-15, at Page 695. |

| April 23, 1985 | April 23, 1985 | Filed in the real estate records in the Office of the Circuit Clerk and Ex-Officio Recorder of Chicot County, Arkansas in Book F-16, at Page 251. |

The mortgages collectively grant and convey to USDA FSA a first lien on the following described real property in Chicot County, Arkansas, together with all fixtures, appurtenances and improvements thereon:

> The Northeast Quarter (NE¼) of the Northwest Quarter (NW¼) of Section 30, Township 13 South, Range 3 West.
>
> West Half of the Southeast Quarter, Northeast Quarter, (W½ SE¼ NE¼) containing 15.60 acres; East Half of the Southeast Quarter, Northwest Quarter (E½ SE¼ NW¼), containing 13.40 acres; That part of the Northwest Quarter, Southeast Quarter (NW¼ SE¼) lying North of Road, containing 2 acres; That part of the Northeast quarter (NE¼) and Northeast Quarter, Southwest Quarter (NE¼ SW¼) lying North of Road, containing 1.02 acres; All of said land being in Section 30, Township 13 South, Range 3 West, Chicot County, Arkansas.

4. Judgment *in rem* against the above-described property is hereby awarded to the plaintiff United States of America, USDA FSA, in the sum of $447,648.51, as of September 13, 2018, with interest accruing thereafter at the rate of $24.7315 per day until fully paid, plus any additional advances and recoverable charges for protection and maintenance of the property during the pendency of this action, plus the costs of this action. The judgment herein awarded to plaintiff is paramount and superior to all right, title, estate, equity or statutory right of redemption, dower, curtesy and homestead held or claimed by the defendants Pearlie Mae Jordan and Dock C. Nelson and all persons claiming by or through them.

5. If the Judgment herein awarded to the plaintiff USDA FSA is not paid within ten days from the date of entry of this Judgment, the United States Marshal is directed to sell the

above-described property at public auction to the highest bidder by certified check, or on a credit of 30 days, at the S. Front door of the Chicot County Courthouse, Lake Village, Arkansas. The date and time of the sale shall be fixed by the Marshal. If purchased on credit, payment of the purchase price shall be secured by one of the following methods, at the purchaser's option: Furnish a corporate security bond, or furnish a letter of credit from a financial institution, or post a 10% down payment by certified check or money order. The corporate surety bond and letter of credit shall be in the amount of the purchase price, plus interest at the rate of 10% per annum from date of sale, and shall be subject to the approval of the U.S. Marshal. The 10% down payment shall be forfeited in the event of failure to pay for the property within 30 days, in which event the Marshal shall resell the property. In the event of a down payment, the purchaser shall pay interest on the balance of the purchase price at the rate of 10% per annum from date of sale. A lien against the property shall be retained to further secure payment of the purchase money. The property shall be sold subject to any unpaid property taxes. If the plaintiff shall become the purchaser at such sale for a sum equal to or less than the indebtedness owed to plaintiff as of the date of sale, it may credit its bid against the amount of the debt and this credit shall be an extinguishment of the debt to the extent of the credit. The Marshal shall give notice of the sale as required by 28 U.S.C. § 2002, and shall forthwith report the result of the sale to the court.

6. Upon the sale of the property described in paragraph 3, above, all right, title, claim, interest, estate, equity and statutory right of redemption, and all rights of dower, curtesy, and homestead, of each of the defendants Pearlie Mae Jordan and Dock C. Nelson in and to the property, and every part thereof, shall from that date be foreclosed and forever barred.

7. The purchaser at the sale shall be given possession upon demand and the Clerk of this Court is hereby authorized and directed to issue writs of assistance to the United States

Marshal for the Eastern District of Arkansas, who will proceed to place the purchaser in possession of the property.

8. The sale proceeds, after expenses of sale, shall be paid and distributed to the USDA FSA, to the extent of the Judgment *in rem* hereby awarded to plaintiff. Any surplus remaining shall be retained by the U.S. Marshal, subject to further orders of the Court.

9. Jurisdiction of this cause will be retained for the making of such further orders as may be necessary to effectuate this Judgment.

IT IS SO ORDERED this 27th day of November, 2018.

_____
James M. Moody Jr.
United States District Judge